

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# Kirk v. Roan

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4436

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Kirk v. Roan" (2005). *2005 Decisions.* Paper 75.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/75

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-69                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4436
_____

NELSON KIRK,
Appellant

v.

SGT. KENNETH ROAN; MR. KERSTETTER, Unit Manager;
MR. J. RACKOVAN, Grievance Coordinator;
MAJOR FRANK TENNIS, Superintendent; MAJOR SNEDEKER;
ROBERT MYERS; GRIEVANCE REVIEW OFFICER TSHANNA KYLER;
H. CLIFFORD O'HARA, Department of Corrections Office of Professional
Responsibility

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-01990)
District Judge: Sylvia H. Rambo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6

December 8, 2005

BEFORE: BARRY, SMITH and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed:  December 20, 2005)

_____

OPINION

_____

PER CURIAM

In September 2004, Nelson Kirk, a state prisoner proceeding pro se, filed the underlying complaint in the United States District Court for the Middle District of Pennsylvania alleging violations of his First, Eighth, and Fourteenth Amendment rights. Specifically, Kirk alleged that: defendant Roan subjected him to a pattern of unwanted sexual comments and threats; the defendants transferred him to a smoking unit in retaliation for filing a prison grievance; and Pennsylvania's three-level administrative review process is unconstitutional because "it create[s] a maze of steps to safeguard state officials from liability, while subjecting inmates to retaliat[ion]." Kirk alleged in his complaint that he filed inmate grievance # 24096 in 2002 complaining about Roan's alleged harassment.

The defendants filed a motion to dismiss Kirk's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In their 12(b)(6) motion, the defendants alleged that Kirk failed to properly exhaust his administrative remedies with respect to inmate grievance # 24096 because he never submitted the documentation necessary for final review by the Secretary's Office of Inmate Grievances and Appeals. Kirk filed a response to the defendants' motion in which he asserted that on August 26, 2002, he mailed the appropriate documentation for final review to Grievance Review Officer Tshanna Kyler, thereby exhausting his administrative remedies. On September 1, 2005, without considering the allegations in Kirk's response, the District Court granted

the defendants' motion and dismissed Kirk's complaint for failure to exhaust. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal of Kirk's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). Because we are reviewing the grant of a motion to dismiss, we accept as true the factual allegations in the complaint and view them in the light most favorable to Kirk. Doug Grant Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000).

The Prison Litigation Reform Act of 1995 ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered by the administrative procedures." Booth v. Churner, 523 U.S. 731, 741 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). To satisfy this requirement, a prisoner must properly exhaust all available administrative remedies prior to filing suit. Spruill, 372 F.3d at 228, 231. Failure of a prisoner to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that failure to exhaust is an affirmative defense and finding that the District Court erred in imposing an improperly heightened pleading standard that required the prisoner not only to plead, but

3

also to prove, exhaustion in the complaint); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

The defendants alleged in the District Court that Kirk failed to exhaust inmate grievance # 24096 because he failed to include with his appeal to the Secretary's Office of Inmate Grievances the documents required for "a proper appeal to final review." DC-ADM 804, Part VI.D.1.h. In support of their motion to dismiss, the defendants submitted the declaration of Tshanna Kyler, the Grievance Review Officer in the Secretary's Office of Inmate Grievances and Appeals. In her declaration, Kyler stated that "Kirk attempted to appeal grievance no. 24096 without submitting to our office the documentation required by DC-ADM 804." Kyler further stated that by letter dated August 20, 2002, she notified Kirk that his appeal was incomplete and granted him ten working days to comply with the procedural requirements for pursuing his appeal. According to Kyler, "Kirk failed to submit the required documentation in a timely manner."

Kirk, however, has contested the information contained in Kyler's declaration. Specifically, Kirk alleged in the District Court that on August 26, 2002, he mailed the additional documentation necessary for final review to the Secretary's Office of Inmate Grievances and Appeals. Kirk supported this contention by submitting to the District Court a photocopy of a mail receipt indicating that on August 26, 2002, he sent mail to the Department of Corrections. Neither the defendants nor the District Court addressed Kirk's specific allegations regarding exhaustion of this particular grievance.

4

Because this is an appeal from an order granting a motion to dismiss, we view the facts in the light most favorable to Kirk. Doug Grant, 232 F.3d at 183. On this record, we conclude that there is insufficient evidence to find that Kirk failed to exhaust his administrative remedies with respect to inmate grievance # 24096.[1] See Ray, 285 F.3d at 297 (explaining that "[w]ithout further inquiry, the District Court was not in a position to reach the conclusion that Ray failed to exhaust his administrative remedies"). Accordingly, because the defendants did not meet their burden of proving the affirmative defense of failure to exhaust, the District Court erred in granting their motion to dismiss.

For the foregoing reasons, we will summarily vacate the order of the District Court entered September 1, 2005, and remand for further proceedings consistent with this opinion. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.

---

[1] It is undisputed that Kirk did not file inmate grievances as to the remaining allegations in his complaint. Because any attempt by Kirk to now exhaust these claims would be untimely, the claims are procedurally defaulted. See Spruill, 372 F.3d at 230 (holding that the PLRA's exhaustion requirement contains a procedural default component).